UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREAT LAKES CRUSHING, LTD.,** | ) | **CASE NO. 1:08CV1277** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **SAMCO, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Application for Order of Reference to the United States Bankruptcy Court for the Northern District of Ohio (ECF DKT #9) and Plaintiff's Motion to Abstain and Remand (ECF DKT #8). For the reasons that follow, Defendants' Application is denied; Plaintiff's Motion is granted in part; and the above-captioned case is remanded to the Common Pleas Court of Ashtabula County, Ohio.

**I. FACTUAL BACKGROUND**

On May 5, 2008, Plaintiff, Great Lakes Crushing, Ltd. ("Great Lakes"), filed a Complaint for Declaratory Judgment and for Money Damages against Defendants, Samco, Inc., Ohio River Works Reals Estate ("ORWRE") and Timothy Gleason ("Gleason"), in Ashtabula County Common Pleas Court. Great Lakes, a limited liability company engaged in the business of general contracting and construction, stone crushing and processing, and mining, allegedly entered into a business partnership with Defendants on July 17, 2006. Further, on April 29, 2008, an individual named Carl Schloss allegedly assigned his options in Samco and ORWRE to Great Lakes. As the result of this and another option assignment from an individual named Jon

Paglio, Great Lakes acquired the right to become majority and controlling owner of Samco and managing member of ORWRE.  Despite Plaintiff's attempts to exercise the options, Gleason, the current managing member of ORWRE and President of Samco, has allegedly refused to recognize the option rights.  Great Lakes has asserted state-law claims of breach of contract, conversion, fraud and unjust enrichment, and seeks declaratory judgment.

On May 23, 2008, Defendants filed their Notice of Removal of the Ashtabula County proceedings, "so that the District Court may refer this action to the United States Bankruptcy Court for the Northern District of Ohio."  (ECF DKT #1).  Defendants recite that on May 25, 2005, Carl Schloss filed a Chapter 7 Voluntary Petition under Case No. 05-17408, which remains open for purposes of post-discharge administration by the Trustee of Debtor's Estate. The Debtor, Schloss, did not disclose his options to purchase Samco and ORWRE shares, though they were supposedly granted to him approximately ten months prior to the filing of his Petition. Defendants contend the conduct of Schloss and Great Lakes constitutes concealment of assets and bankruptcy fraud, in violation of 18 U.S.C. §§ 152 and 157; and the adjudication of these violations and Plaintiff's Complaint constitutes a core proceeding under 28 U.S.C. § 157.

Recognizing the law of this Circuit authorizes filing the Notice of Removal directly with the Clerk of the Bankruptcy Court, the Court expedited this matter by ordering Defendants to promptly file their Application for an Order of Reference with supporting law and arguments. Prior to the Court's filing deadline, Great Lakes filed for remand of the action back to state court.

## II. LAW AND ANALYSIS

**Standard of Review**

**Notice of Removal and Subject Matter Jurisdiction**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case must be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (*citing Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. April 4, 2006), slip copy; *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the

proceedings." *Curry* v. *U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006), *citing Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "Any civil action of which the district courts have original jurisdiction found on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

"To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Building Products, Inc. v. The Sherwin-Williams Company*, 491 F.3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc*., 431 F.3d 543, 552 (6th Cir. 2005)). For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. at 6-8. The presence of a federal defense to a state law claim, even one relying on the preclusive effect of a prior federal judgment or the preemptive effect of a federal statute, will not provide a basis for removal. *Mikulski v. Centerior Energy Corp*., 501 F.3d 555, 560 (2007); *Beneficial Nat'l Bank*, 539 U.S. at 6.

**Standing**

"Under Article III of the United States Constitution, a court has no jurisdiction over a case when the plaintiff does not have standing." *DeBolt v. Espy*, 47 F.3d 777, 779 (6th Cir. 1995)

(citing *Jaimes v. Toledo Metropolitan Housing Authority*, 758 F.2d 1086, 1092 (6th Cir. 1985)). Standing is a threshold issue which the court must consider, even if no party has raised it. *United States v. Van*, 931 F.2d 384, 387 (6th Cir. 1991); *Jaimes*, 758 F.2d at 1092.  Pursuant to Article III, federal jurisdiction is limited to "cases" or "controversies;" and, incorporated in that limitation, is the requirement that a party have an actual injury or claim.  *Van, supra*; *T.H.E. Ins. Co. v. Naghtin*, 916 F.2d 1082, 1085 (6th Cir. 1990).

> "Standing is determined by applying a three-part test: (1) has the plaintiff suffered a direct or imminent injury in fact?  (2) is there a causal connection between the injury and the defendant's conduct, or was the injury caused by 'the independent action of some third party not before the court?' and (3) is there a 'likelihood that the injury will be redressed by a favorable decision?'"

*DeBolt*, 47 F.3d at 779 (citing *Northeastern Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, ----, 113 S.Ct. 2297, 2301, 124 L.Ed.2d 586 (1993)).

Defendants, who are also Counterclaim Plaintiffs, Samco, ORWRE and Gleason, lack standing to seek federal court jurisdiction and federal relief in this matter.  Defendants do not assert the disputed Carl Schloss options belong to them.  The Debtor, Carl Schloss, is not a party, nor is the Bankruptcy Trustee.  Defendants contend the purported options are "unquestionably the exclusive property of the Schloss Bankruptcy Estate."  (Application for Order of Reference, ECF DKT #9 at 2).  Moreover, Defendants note it is the duty of the Trustee to determine the value of the property, subject it to the administration of the Bankruptcy Court, or abandon it.  11 U.S.C. § 554.  Direct or imminent injury, if any, was suffered by the Trustee or by the Bankruptcy Estate.  The Court would agree Defendants have standing to defend breach of contract, breach of fiduciary duty, conversion and unjust enrichment claims as asserted in Great Lakes' Complaint; but these are state causes of action, and any injury can be adequately

redressed in state court.

Upon careful examination, nothing in Plaintiff's properly-pleaded Complaint affirmatively "arises under" federal law. A federal question, if at all, appears in Defendants' Answer (Affirmative Defenses ¶¶ 13-16), reciting a statutory bar to Plaintiff's Complaint by operation of pertinent sections of Title 11 and Title 18. Upon removal, the district court is required to examine only the allegations of the Complaint, and may ignore defenses as a basis for federal jurisdiction. *Mikulski*, 501 F.3d at 560.

### III. CONCLUSION

In light of the foregoing, because the above-captioned Complaint does not present a federal question nor arise under federal law, and because Defendants lack standing to seek redress in federal court upon their Notice of Removal, Defendants' Application for an Order of Reference is denied, and Plaintiff's Motion to Abstain and Remand is granted in part. Therefore, the captioned matter is remanded to the Common Pleas Court of Ashtabula County, Ohio.

**IT IS SO ORDERED.**

**DATE: __July 31, 2008_____**

       **S/Christopher A. Boyko**
       **CHRISTOPHER A. BOYKO**
       **United States District Judge**